OPINION of the Court, by
Judge Logan
— This is a suit under adverse claims to land, in which the ap-pellees, who were complainants below, derive title under the settlement and pre-emption of Peter Philips* which was granted on the 15<h day of February 1780, oh account of raising a crop of corn in the country in the year 1775.
The location of the settlement with the commissioners is as follows, to wit : “ Lying on the south side of the town fork of Salt river, about five or six miles from Bullitt’s lick, on the first creek below the Ink, and near the fork of the said creek, to include a tree marked I. H. 1776.”
On the 26th of June 1780, before the settlement was -entered with the surveyor, Philips entered his pre-emption lying on a branch of the Town fork of Salt river, on the south side thereof, adjoining and around his settlement, to include a tree marked I. H.”
Andón the 31st of January 1784, he entered h’s settlement with the surveyor conformably to she calls of location in the certificate with the commissioner .
It is objected that Peter Philips had not been in Kentucky and rendered the services for which this claim was granted, and that therefore it ought not to be sustained in a court of equity.
This objection, it is believed, is not for the first time made; and has, whenever made, been repelled as an attempt to sap the foundation of claims depending on the certificates of the court of commissioners. It belonged to that tribunal to examine and determine whe* *427 Aer the services had beeh rendered for which thév granted certificates, as tt also did to determine whether the services could be performed without some person to perform them. All the argumenr, therefore, if it can be so called, as to the claim having been granted to a nonentity, or nobody, must go for nothing. The witnesses upon whose testimony those claims were granted, were not expected to live forever. Their evidence was in no other m timer perpetuated, than through the ■certificates of the court of commissioners ; and which doubtless were intended as conclusive ol the facts between the individual and the common wealth.
And with respt*ct to the right of Peter Poilips (through whose transfer these claims have been carried into grant by the assignee) to make such transfer, we need only say, that there is none other pretending right — no other proved or named asa claimant of those rights j and the claims having been assigned by him, and the assignees completed the title by procuring the patent from the commonwealth, is sufficient evidence of right In them to have their suit against the defendants.
We shall proceed, therefore, to examine the validity of the entries in contest.
The objects of-genera! description in the certificate, viz. the Town fork of Salt river, Bullitt’s lick, and on the first creek below the lick on the south side of the Town fork,” admit of no doubt: they were generally and well known.
The marked tree, with the letters and figures I. H. 1776, is clearly identified, proved to have been then marked, standing not far from a fork of the creek, and near a path.
But another fork is laid down in the connected plat, which from description would seem as aptly to fit and satisfy this call of the cntrv, as the one contended for in support of the entry. Did the entry depend solely on this call, it could not be supported. But this is used as a descriptive call only to ascertain the marked tree, represented to be near the fork of the creek.. The tree is the locative call, without which the entry would be vague, and could not be sustained.
The distance to this fork is but a little more than six miles and a quarter from Bullitt’s lick ; though it is farther to go by the other; fork of the creek, which is *428 about four miles only from the lick ; and such it is contended would have been the more probable route, as. there was a path on that, and not on a more direct course.
Admitting the full force of the argument, and we cannot still conceive that the location is too vague to be sustained: for the only doubt with respect to its uncertainty, arises from the circumstance oí the two forks.
But their situation and distance did not prevent, upon ordinary and reasonable examination, the removal of the doubt. Each place could without unusual or unreasonable diligence have been examined, and the marked tree ascertained and known with certainty when found. The notoriety of the forks of'the creek was not such at either place as to have arrested the expectation of a subsequent inquirer, and thereby drawn his attention solely to either. The locative ohject of course would have invited examination, as the more likely to distinguish between the forks.
It may be well doubted, whether the proof in this cause does not establish general and sufficient notoriety as to the marked tree and place where Philips’s claim was located. But we have deemed it unnecessary to determine this question ; since the description in the entry, taken in conjunction with that degree of notoriety which the situation of the tree and proof in relation to it gave, was sufficient to sustain the entry.
With respect, therefore, to the validity of the entry, we accord in opinion with the circuit court ; but we do not agree with that court to the extent of the recovery decreed.
Before, however, we determine what should have been the extent of the decree, it will be proper to examine the pre-emption entry.
It is appendant to, and expressly calls to <! adjoin and lie around” the settlement. We should have apprehended no difficulty could have been conceived of as to the position of the pre-emption in relation to the settlement, had not the point been otherwise pressed with much apparent candor.
■ It is contended, that the words in the entry “ on the south side thereof,” should produce a different construction from that which to lie “ around,” would necessarily give. The pre-emption calls to lie on “ a branch of the
*429 Town fork of Salt river, on the south side thereof, adjoining and around the settlement.”
The settlement was located “ on the south side of the Town fork of Salt river,” on a given stream thereof, to include the marked tree, The pre-emption, then, in calling to lie on a branch of the Town fork, “ on the south side thereof,” evidently related to the south side of the Town fork, not only as the immediate antecedent, but because it is demonstrated beyond the possibility of rational clouht by the succeeding paragraph “ adjoining and around” his settlement.
It was also argued, that the pre-emption entry being prior to the settlement entry with the surveyor, ought hot therefore to be supported
•The case of Clinkingbeard vs Kenny, decided by this court, ( 2 vol. 512 ) presented a similar question, and the entry was sustained. And of the iaw and reason of the case, we think there is but little room for doubt. Locations with the commissioners were required by law to be special. But why ? For the reason the law assigns, as the evidence of right in one to a particular spot, and as a warning to others of that appropriation. The location was matter of record and publicity, and the law has treated it as giving notice when legally made with such precision as it required. Thus the location of one settlement in calling for another with the commissioners, it is believed has never been questioned, when the former on which the latter depended was special, and the position of the latter in reference thereto sufficiently defined.
We come now to examine the manner of surveying these entries, and the decree rendered by the circuit court.
The settlement should have been surveyed in a square with lines to the cardinal points, including the tree marked as aforesaid in the centre ; and the pre-emption made to adjoin afll around the settlement, equal distances from the settlement lines.
The decree of the circuit court seems to have been predicated on an opinion that the judgment of the general court upon a caveat, which had been determined between Frye and Philips, was conclusive against the appellants. In this, we-think the court erred. The^p- *430 pellants, who were not parties to that suit, ought not to. be thereby concluded.
It is true that Speed, one(of the appellants, holds in, part under Frye’s claim ; but it also appears that his purchase was before the rendition of the judgment on the caveat; that the judgment was given upon an agreement of the parties, and that Speed was excepted from the effect thereof by an express stipulation in writing between the parties.
The circuit court decreed a conveyance conformable to-the judgment upon the caveat, which leads necessarily to an examination of the correctness of that opinion.
The settlement and pre-emption of Philips was surveyed in 1784. By the judgment of the general court a different mode of surveying was directed ; neither of which corresponds with the manner this opinion has directed that the surveys should have been made.
The appellees are not entitled to land which is not common to the entries, original surveys and patents respectively, against the appellants holding under the elder grants.
We are therefore of opinion that the complainants below have the better right for so much of the land in contest, and so much only, as will be found within the respective entries when laid down as herein directed, and which is also within the respective surveys as originally made, upon and bv virtue f (a) of its particular entry, and which is comprehended by the pat ent therefor ; and that the appellants have the better right for the residue.-Decree reversed.

 Vide Craig vs. Cogar, Hard 383.